UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WESLY LOPEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-01429-JPH-KMB |
| ) | |
| STATE FARM FIRE AND CASUALTY ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

Presently pending before the Court is Plaintiff Wesly Lopez's Motion for Protective Order, which asks that the Court prevent Defendant State Farm Fire and Casualty Company ("State Farm") from obtaining discovery to allegedly justify its decision to deny his insurance claim after this lawsuit was filed.  [Dkt. 30.]  State Farm opposes Mr. Lopez's motion.  [Dkt. 34.]  The Court held oral argument on the pending motion at Mr. Lopez's request.[1]  The Court commends counsel for both Parties—Mia Tapella for Plaintiff and Michael Giordano for Defendant—on their presentations at the oral argument.  For the reasons discussed more fully herein, Plaintiff's Motion for Protective Order is **DENIED.**  [Dkt. 30.]

I.     **RELEVANT BACKGROUND**

On September 3, 2024, Mr. Lopez filed an insurance claim with State Farm for the loss of his 2013 Maserati GranTurismo, which he alleges was stolen and destroyed by fire the day before

---

[1] Mr. Lopez asked for oral argument pursuant to the undersigned's procedure for "Requests for Oral Argument for Less Experienced Attorney(s)."  *See* Oral Argument Requests, Less Experienced Attorney(s), United States District Court, Southern District of Indiana, Magistrate Judge Kellie M. Barr, https://www.insd.uscourts.gov/content/magistrate-judge-kellie-m-barr.  The Court found that oral argument to be helpful to better understand the issues raised by the Parties in the briefing on the pending motion.

he made his claim. [Dkt. 32-6 at 3.] State Farm began investigating the claim soon after. That investigation included sworn examinations of Mr. Lopez, his girlfriend, and his father; requests for Mr. Lopez's bank records, tax records, and text messages; and requests for video and photo evidence. [Dkt. 31 at 2.] Mr. Lopez did not receive any additional document requests from State Farm after January 2024. [*Id.*]

Mr. Lopez did not receive a decision on his insurance claim and filed this action against State Farm on July 17, 2024. [*Id.*] State Farm ultimately denied coverage for his claim on August 27, 2024, which was approximately eleven months after the claim was filed and 40 days after he filed the lawsuit. [*Id.* at 3.] State Farm's denial was based on an intentional acts exclusion of the insurance policy at issue. [*See* dkt. 32-7 (State Farm's denial letter denying Mr. Lopez's claim because State Farm concluded that "this claim fails to show an accidental covered loss," no coverage is provided "for any vehicle that is intentionally damaged or stolen by or at the direction of an insured," and that Mr. Lopez "violated the Concealment or Fraud provision of the auto policy").]

The Parties have been engaged in discovery. On February 21, 2025, Mr. Lopez filed a Motion for Protective Order asking the Court to prevent State Farm from obtaining and using discovery to justify a denial of coverage decision it made after this lawsuit was filed. [Dkt. 30.] State Farm filed a response in opposition, [dkt. 34], and Mr. Lopez filed his reply, [dkt. 35]. The Motion is now ripe for the Court's review.

## II.     LEGAL STANDARD

"Discovery is a mechanism to avoid surprise, disclose the nature of the controversy, narrow the contested issues, and provide the parties a means by which to prepare for trial." *Todd v. Ocwen Loan Servicing, Inc.*, 2020 WL 1328640, at *1 (S.D. Ind. Jan. 30, 2020) (citing 8 Wright & Miller,

Federal Practice and Procedure § 2001, at 44-45 (2d ed. 1994)).  Federal Rule of Civil Procedure 26(b)(1) outlines the scope of permissible discovery and provides that parties to a civil dispute are entitled to discover "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," regardless of admissibility.  *Estate of Daniels by Stover v. City of Indianapolis*, 2021 WL 4844145, at *1 (S.D. Ind. Oct. 18, 2021) (citing Fed. R. Civ. P. 26(b)(1)).  The burden "rests upon the objecting party to show why a particular discovery request is improper[,]" and the objecting party "must show with specificity that the request is improper[,]" *Hunt v. Hubler Chevrolet, Inc.*, 2019 WL 1043163, at *2 (S.D. Ind. Mar. 4, 2019).

      The Court's resolution of discovery disputes is guided by proportionality principles.  Proportionality is determined by considering "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  "Proportionality, like other concepts, requires a common sense and experiential assessment."  *Todd*, 2020 WL 1328640, at *4 (citing *BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, 326 F.R.D. 171, 175 (N.D. Ill. 2018) ("Chief Justice Roberts' 2015 Year-End Report on the Federal Judiciary indicates that the addition of proportionality to Rule 26(b) 'crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality.'")).

      Federal Rule of Civil Procedure 26(c) provides that a court may issue a protective order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense" provided the moving party can show "good cause."  Fed. R. Civ. P. 26(c)(1).  This protective order may forbid discovery altogether or dictate circumstances under which the discovery must occur.

*Id.* "The party seeking a protective order has the burden to show good cause for it." *Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003).

### III.   DISCUSSION

Mr. Lopez seeks a protective order prohibiting State Farm from obtaining discovery related to the denial of his insurance claim, emphasizing that State Farm did not deny that claim until over a month after Mr. Lopez filed this lawsuit and contending that it should not now be able to utilize discovery to seek additional information about the claim to potentially support that denial. The discovery that Mr. Lopez seeks to prevent State Farm from obtaining falls into two distinct categories: (1) discovery requests to Mr. Lopez for text messages, tax information, and documents showing damages and expenses related to the loss, and (2) non-party discovery served on various non-parties related to Mr. Lopez's prior insurance, employment, and banking records. The Court will discuss each of these in turn.

#### A)   Discovery Requests Directed at Mr. Lopez

State Farm served various discovery requests on Mr. Lopez that he seeks a protective order from so that he does not have to answer. [Dkt. 30 at 3-5.] At a high level, State Farm requests documents, communications, text messages, financial records, photographs, and other documents related to Mr. Lopez's vehicle, damages, transactions, and finances around the date of loss; Mr. Lopez's tax returns; any exhibits Mr. Lopez intends to use at trial; and a curriculum vitae for any expert he intends to call at trial. [*Id.*]

Mr. Lopez seeks a protective order from the Court, arguing that State Farm had a duty to fully investigate and request information prior to its denial of coverage. [Dkts. 30; 31.] Thus, because State Farm denied the claim after Mr. Lopez initiated this lawsuit, Mr. Lopez contends that State Farm should not now be allowed to seek discovery that contains information it could

4

have requested during its investigation. [Dkt. 31 at 6-7.] Mr. Lopez emphasizes that he asserts a bad faith claim against State Farm in this case and contends that State Farm should not now be allowed to seek discovery to "retroactively justify its bad-faith denial of coverage" in this case. [Dkt. 31 at 1.] Mr. Lopez's bad faith claim is based at least in part on the fact that it took State Farm almost one year to deny his claim, which he contends was unreasonably long and has severely prejudiced him.

State Farm argues that Mr. Lopez has not met his burden to show good cause for a protective order and that its discovery requests seek evidence that is relevant to its coverage defenses, including Mr. Lopez's allegedly fraudulent and intentional acts. [Dkt. 34 at 2-3.] State Farm also makes a policy argument, emphasizing that if insurers are not able to obtain additional discovery related to a claim in litigation, then insureds would be incentivized to withhold information before an insurer's decision because the insured could then argue that post-decision discovery is barred. [*Id.* at 4-5.]

Mr. Lopez replies by again arguing that he has demonstrated good cause for the protective order based on the alleged irrelevance, annoyance, and undue burden caused to him by State Farm's requests. [Dkt. 35 at 7.] As for State Farm's policy argument, Mr. Lopez emphasizes that it is already State Farm's obligation to investigate based on all available information before making a coverage decision. [*Id.* at 3 (citing Ind. Code § 27-4-1-4.5).] Thus, Mr. Lopez asserts that it is State Farm's duty to fully investigate through whatever means necessary to reach a decision, and in a case like this where the insured sues before the insurer has denied the claim, the insurer should utilize the discovery tools available to it in litigation to fully investigate before deciding the claim. [Dkt. 35 at 4.]

It is well-established that the party requesting a protective order must show good cause to obtain it. *Felling*, 211 F.R.D. at 554. "In many cases involving the issuance of protective orders, the central question becomes whether 'good cause' exists. To establish good cause, a party must submit a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Id.* (internal quotation omitted). Put another way, good cause must be rooted in "a particular factual demonstration of potential harm, not on conclusory statements." *Van Gorp v. Eli Lily & Company*, 2022 WL 22890736, *2 (S.D. Ind. Dec. 8, 2022).

After considering the Parties' arguments both in their briefs and at oral argument, the Court concludes that Mr. Lopez has not shown good cause to receive the requested protective order in this case. It is undisputed that State Farm denied Mr. Lopez's claim under an intentional acts exclusion of the insurance policy at issue. [*See* dkt. 32-7 (State Farm's letter denying Mr. Lopez's claim because State Farm concluded that "this claim fails to show an accidental covered loss," no coverage is provided "for any vehicle that is intentionally damaged or stolen by or at the direction of an insured," and that Mr. Lopez "violated the Concealment or Fraud provision of the auto policy").] In other words, based on the investigation that State Farm conducted before its claim denial, State Farm concluded that Mr. Lopez's insurance claim should be denied because of his apparent fraud or concealment related to the loss, his potential involvement in the loss, and that the claim failed to show that the loss was accidental. While the Court takes no position on the validity of State Farm's decision, it would certainly be incongruous to now deny State Farm the ability to utilize the discovery tools available to it in federal court and force it to rely solely on information it received from its allegedly fraudulent insured during claims processing.

Mr. Lopez emphasizes that he sued State Farm before it decided his claim, such that State Farm could have pursued formal discovery from him before denying his claim. While that is true,

6

had State Farm chosen to do that and still denied Mr. Lopez's claim, the Court suspects that Mr. Lopez would instead be arguing that the additional time it took State Farm to decide his claim further supports his bad faith claim, considering that he is already making that argument based on the currently denial timeline. "Discovery is intended to be a self-regulating process that depends on the reasonableness and cooperation of counsel." *E.E.O.C. v. Simply Storage Mgmt., LLC*, 270 F.R.D. 430, 436 (S.D. Ind. 2010). State Farm's discovery at issue is undisputedly timely. The Court will not Monday-morning quarterback State Farm's decision regarding how to best navigate the interaction between its claims handling process and discovery in this federal case, particularly when it relied on an intentional acts exclusion to deny Mr. Lopez's insurance claim.

While Mr. Lopez makes cursory arguments that the discovery sought from him is duplicative, unreasonably burdensome, and not proportional to the needs of the case, those general arguments are unpersuasive. Again, to show the good cause required to get a protective order, a party must show good cause rooted in "a particular factual demonstration of potential harm, not on conclusory statements." *Van Gorp*, 2022 WL 22890736, *2. Mr. Lopez's generalized and conclusory arguments do not do this. Both in its briefing and at the oral argument, State Farm's counsel confirmed that Mr. Lopez does not need to reproduce anything that would be duplicative of what he previously produced to State Farm as part of the claims handling process. [*See, e.g.*, dkt. 30 at 3 ("However, any responsive document or communication not previously provided to State Farm must be produced.").] At the oral argument, Mr. Lopez's counsel indicated that considering that concession, Mr. Lopez may not have much more to produce. This acknowledgment, while appreciated, undercuts any alleged burden Mr. Lopez would suffer by not obtaining the requested protective order.

7

For these reasons, the Court finds that Mr. Lopez has not shown the good cause necessary to obtain the requested protective order as it relates to the discovery State Farm served on him. Thus, his request for a protective order from that discovery is **DENIED**.

### B) Non-Party Discovery Requests

Mr. Lopez also seeks a protective order as it relates to non-party discovery requests into his prior insurance, employment, and banking records. [Dkt. 30 at 5-8.] Mr. Lopez argues that State Farm is "not entitled to further burden Mr. Lopez with requests for documentation" after the bad faith denial of his claim. [Dkt. 31 at 3.] State Farm argues that Mr. Lopez cannot show that these non-party discovery requests are unduly burdensome to him because these records are held by other parties, not Mr. Lopez. [Dkt. 34 at 2.] Mr. Lopez argues that State Farm could have asked the non-parties to voluntarily provide the information during its claim investigation before the lawsuit was filed or it could have served federal discovery requests on these non-parties after Mr. Lopez filed the lawsuit but before it denied his insurance claim. [Dkt. 35 at 3-4.]

The Court agrees with State Farm on this issue. Mr. Lopez has not shown that these non-party subpoenas are unduly burdensome to him. In fact, these requests do not appear to burden Mr. Lopez at all because these subpoenas are requests made to non-parties. State Farm represented at oral argument that some of the non-parties have already responded to the subpoenas. The Court also notes that none of the non-parties have filed motions to quash or otherwise asked the Court to limit State Farm's non-party discovery through their own motions. For these reasons, the Court concludes that Mr. Lopez has failed to meet his required burden to show good cause for obtaining a protective order under Rule 26 related to the non-party subpoenas. Thus, Mr. Lopez's request for a protective order related to that discovery is **DENIED.**

## IV.   CONCLUSION

Because the Court finds that Mr. Lopez has not met his burden to show the good cause required to obtain the requested protective order, the Court **DENIES** Mr. Lopez's Motion for Protective Order. [Dkt. 30.] The Court emphasizes that this is a ruling related to the discoverability of this evidence, not to the future admissibility of any evidence obtained through this discovery.

Mr. Lopez must respond to State Farm's pending discovery requests **within fourteen (14) days** of this Order. As State Farm has acknowledged, Mr. Lopez does not need to reproduce anything that he previously produced to State Farm as part of the claims handling process. State Farm also represented at the oral argument that some of the non-parties have already responded to the non-party subpoenas served on them. State Farm should promptly serve a copy of this Order on any non-party that has not responded to the subpoena served on it and file a motion to compel or other motion as appropriate if that non-party does not respond to State Farm's requests **within twenty-one (21) days** of this Order.

**SO ORDERED.**

Date: 5/22/2025

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email